IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMMY L. PAGE,

     Plaintiff,                     No. CIV S-09-0482 LKK GGH P

    vs.

STEPHEN MAYBERG, et al.,        ORDER &

     Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a detainee civilly committed at Coalinga State Hospital pursuant to the California Sexually Violent Predator Act, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        Determining plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

1

an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff has named as defendants the Director of the California Department of Mental Health, Stephen W. Mayberg, as well as two state-contracted clinical mental health evaluators, Coles and Hupka. The gravamen of plaintiff's complaint appears to be that the Sexually Violent Predator Act, codified at Cal. Welf. & Inst. Code § 6600, on its face or as its procedures are implemented by the defendants, is unconstitutional. Plaintiff lists as prior § 1983 cases, CIV-S-06-0988 GEB KJM P and CIV-S-08-2231-SRT. As to the latter, plaintiff notes it is still pending.

The court takes judicial notice of these two cases.[1] In CIV-S-06-0988 GEB KJM P, plaintiff brought allegations against the same defendants named herein. Plaintiff apparently sought to allege that defendants Mayberg's, Hupka's and Coles' actions or failures to act led to plaintiff's being civilly recommitted by way of an unconstitutional protocol; the complaint was dismissed for plaintiff's failure to comply with the requisites of Fed. R. Civ. P. 8(a)(2), and plaintiff was granted leave to amend. See Order, filed on 12/20/06, in CIV-S-06-0988 GEB KJM P. When plaintiff failed to do so, the case was dismissed without prejudice. See Order, filed on 5/29/07.

In CIV-S-08-2231-SRT, plaintiff is proceeding once again against the identical defendants named herein (with the addition, at one point in the complaint, of the governor as a named defendant), and again implicates defendants Mayberg, Hupka and Coles for protocols used in assessing him under the SVP Act which allegedly amount to violations of his procedural due process rights. See Complaint in CIV-S-08-2231-SRT. As noted, that action is still pending, rendering duplicative the instant complaint, wherein plaintiff once again seeks to implicate defendants Mayberg, Hupka and Coles for recommitment evaluations pursuant to an unconstitutional Act or "underground regulation" which could lead to indefinite incarceration for those who are not mentally ill. Complaint, pp. 10-11.

In light of the prior and pending complaints, this court finds that plaintiff, in filing the instant apparently duplicative action, has engaged in what appears to be an abuse of process. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989)("reasonable limitations may be placed on" litigants' "access to the courts when they abuse the judicial process by repeatedly filing frivolous claims"); Glick v. Gutbrod, 782 F.2d 754, 757 (7th Cir. 1986)(court has discretion to dismiss cases where "clear pattern of abuse of the judicial process" is demonstrated); Adams v. Cal.

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

3

1 Dept. Of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (district court has discretion to dismiss a duplicative action). Should plaintiff believe he has any colorable allegations to add regarding the instant defendants, he could have considered seeking leave to amend his allegations against them in CIV-S-08-2231-SRT, and evidently still could. Nothing in the docket of that case indicates plaintiff has done so. Plaintiff's failure to amend his complaint when granted the opportunity (CIV-S-06-0988 GEB KJM P), followed by repeated filings against the same defendants place an undue burden on this court. This case should be summarily dismissed.

Accordingly, IT IS ORDERED that plaintiff's request to proceed in forma pauperis is granted.

IT IS HEREBY RECOMMENDED that the instant complaint be summarily dismissed as duplicative.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
page0482.ofr